## Case No. 17,744.

### WILLIAMS v. The VANDERBILT and The COLLINS.

[N. Y. Times, April 1, 1863.]

District Court, S. D. New York. 1863.

PLEADING IN COLLISION CASES—VESSEL STRUCK AT DOCK—TUG AND TOW.

[1. A libel to recover damages to a vessel struck while moored at a dock by a moving vessel need not set out in detail the movements of the colliding vessel; nor, being incapable of movement herself, need she allege any matter in excuse of her own connection with the accident.]

[2. A libel may be maintained jointly against a tug and tow for an injury inflicted by a collision of the tow with another vessel. And the fact that one of these vessels may be found on the evidence to be free from blame does not vitiate the libel as against her co-defendant.]

[This was a libel by John E. Williams and others against the steam tug C. Vanderbilt and the floating derrick Collins to recover damages occasioned by a collision. On exceptions to the libel.]

This was an action to recover the damages occasioned to the ship Chancellor, belonging to the libelants, by her being run into while lying at a dock near the navy-yard, by the floating derrick in tow of the steamtug. The libel alleged that the derrick, at the time of the collision, was in possession and under the control of the employés of her owners, and also that the steamtug was under like direction and control of the same captain, and her movements were to be made to accommodate those of the derrick; nevertheless, to a certain extent, the steamtug was under the government and control of her own pilot and commander, so that it became the joint and several duty of the officers and men so employed to avoid the injuries inflicted upon said ship; yet that the aforesaid persons so carelessly, negligently, and improperly towed, moved and navigated the derrick and tugboat, as that, by their concurrent negligence and want of skill, the derrick was run into the ship.

The claimants filed exceptions to this libel as insufficient, because: First. it does not specify the acts of negligence charged upon the derrick; second, it does not allege it was possible for the derrick by any act or manoeuvre to have avoided the ship; third, it does not sufficiently set forth the maneuvres of the respective vessels, nor describe the method in which the ship was struck; and, fourth, it prays a joint decree against the derrick and tug, but does not set forth facts showing that the collision was caused by their joint negligence.

Owen, Gray & Owen, for libelants.
Benedict, Burr & Benedict, for derrick.

BY THE COURT (SHIPMAN, District Judge). Should the view of the counsel for the claimant be correct, that the rules of pleading in admiralty generally exact a specific detail of the movements made by a vessel collided against, for which she seeks compensation, and that she must show that all her own acts had been conformable to the laws of navigation, the doctrine would not apply to and govern the frame of the libel in this case, because the ship was passive in the transaction, and in no way contributed to the collision complained of, and is not called upon to excuse her connection with the event. She was moored at a wharf, and in no condition, by any active agency on her part, to induce or avoid the collision. Had she been in motion, it might be incumbent upon the complainants to justify or excuse, by pleadings in defence, the correctness of her course and proceedings. The libel is free of error in that respect.

It is plain upon the adjudged cases that an injury by collision may be inflicted upon a vessel afloat or stationary by the combined action of moving objects, a tug and a tow propelled together, in which a common fault may be committed by the motive power, and a common responsibility thereby be incurred, and accordingly the mutual wrong may be alleged against them, and a joint recovery be had for the concurrent misfeasance or negligence of each in recompense of it. In general, the ambiguity lies in the question of a community of culpability and responsibility, and the litigation results in exonerating one of the accused objects, and fastening the entire liability upon its associate. This is wholly matter of proof upon the trial, and the pleading against the blameable party is not vitiated by alleging against his codefendant more than is verified upon the evidence.

I think the recent decisions of the supreme court of the United States, and the cases cited and recognized therein, amply establish the doctrine ([McKinlay v. Morrish] 21 How. [62 U. S.] 346; [Sturgis v. Boyer] 24 How. [65 U. S.] 110; 1 Black [66 U. S.] 62); and sufficiently point out the restriction that the proofs must be kept within the scope of the allegations, and that the evidence must clearly establish whether the colliding vessels are mutually culpable, or the fault lies exclusively with one of them, and that point is determined by the proofs. The charge of fault may rightfully be made against the tug and barge conjointly or separately.

The exceptions in this case take the character of a demurrer, and in my opinion, do not point out any reform necessary in the structure of the libel, much less do they amount to a bar of the action. Exceptions overruled. with costs to be taxed.

The question came up on appeal from the clerk's taxation, whether the libelants were

entitled to the docket fee allowed by the statute "on a final hearing."

THE COURT held that they were entitled to it.

[For subsequent proceedings, see Cases Nos. 17,742 and 17,743.]